1  GEORGE A. RILEY (S.B. No. 118304)
   MICHAEL F. TUBACH (S.B. No. 145955)
2  O'MELVENY & MYERS LLP
   Two Embarcadero Center
3  28th Floor
   San Francisco, California 94111-3828
4  Telephone:  (415) 984-8700
   Facsimile:  (415) 984-8701
5  E-Mail:     griley@omm.com
               mtubach@omm.com
6
   Attorneys for Nominal Defendant APPLE INC. and Defendants
7  TIMOTHY D. COOK, WILLIAM V. CAMPBELL, MILLARD
   DREXLER, ARTHUR D. LEVINSON, ROBERT A. IGER,
8  ANDREA JUNG, FRED D. ANDERSON and THE ESTATE OF
   STEVEN P. JOBS
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN JOSE DIVISION**

| | |
|---|---|
| 13  R. ANDRE KLEIN, on behalf of himself and all other stockholders of APPLE INC., | Case No. 5:14-cv-03634-EJD |
| 14                                   Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** |
| 15                         vs. | |
| 16  TIMOTHY D. COOK, WILLIAM V. | |
| 17  CAMPBELL, MILLARD ("MICKEY") DREXLER, ARTHUR D. LEVINSON, | Date:       May 14, 2015 |
| 18  ROBERT A. IGER, ANDREA JUNG, FRED D. ANDERSON, ESTATE OF | Time:       9:00 a.m. Courtroom:  4 - 5th Floor |
| 19  STEVEN P. JOBS, deceased, and DOES 1-30, inclusive, | Judge:      Honorable Edward J. Davila |
| 20                                  Defendants, | |
| 21                         -and- | |
| 22  APPLE INC., a California corporation, | |
| 23                          Nominal Defendant. | |

24

25

26

27

28

1

<u>**REQUEST FOR JUDICIAL NOTICE**</u>

2

**I.**     <u>**INTRODUCTION**</u>

3

Pursuant to Federal Rule of Evidence 201(b), nominal defendant Apple Inc. ("Apple") and

4

defendants Timothy D. Cook, William V. Campbell, Millard Drexler, Arthur D. Levinson, Robert

5

A. Iger, Andrea Jung, Fred D. Anderson and the Estate of Steven P. Jobs[1] (collectively with

6

Apple, "Defendants"), by and through their counsel of record, respectfully request that this Court

7

take judicial notice of each of the following documents attached as exhibits to the Declaration of

8

Vivi Lee in Support of Defendants' Motion to Dismiss Verified Shareholder Derivative

9

Complaint (the "Lee Declaration"):

10

1.     The Complaint filed in the action titled *United States of America v. Adobe Systems,*

11

*Inc., et al.*, Case No. 1:10-CV-01629-RBW (United States District Court for the District of

12

Columbia) (the "DOJ Action"), on September 24, 2010.  A true and correct copy of the "DOJ

13

Complaint" is attached to the Lee Declaration as **Exhibit A**.

14

2.     The press release issued by the U.S. Department of Justice on September 24, 2010,

15

titled "Justice Department Requires Six High Tech Companies to Stop Entering into

16

Anticompetitive Employee Solicitation Agreements," http://www.justice.gov/opa/pr/justice-

17

department-requires-six-high-tech-companies-stop-entering-anticompetitive-employee.  A true

18

and correct copy of the "DOJ Press Release" is attached to the Lee Declaration as **Exhibit B**.

19

3.     The Final Judgment entered in the DOJ Action on March 18, 2011.  A true and

20

correct copy of the "DOJ Judgment" is attached to the Lee Declaration as **Exhibit C**.

21

4.     The Shareholder Derivative Complaint filed in the action titled *The Police*

22

*Retirement System of St. Louis v. Cook, et al.*, Case No. 1-14-CV-262174 (Superior Court of the

23

24

[1] Plaintiff purports to sue the Estate of Steven P. Jobs pursuant to California Probate Code sections 550 and 552 to recover against insurance policies that may have covered Jobs.

25

O'Melveny & Myers represents the Estate and does not represent the insurance companies.  The filing of this request for judicial notice on behalf of the Estate is not intended to, and does not,

26

waive any terms or conditions in the policies, or any challenges any insurance company may have

27

to the sufficiency of the service of process, personal jurisdiction or any other FRCP 12(b) or other defense to any insurance company's liability for the asserted claims.  It is the Estate's

28

understanding that the insurers have reserved all rights and coverage defenses.

State of California, County of Santa Clara), on March 14, 2014.  A true and correct copy of the "*TPRSSL* Complaint" is attached to the Lee Declaration as **Exhibit D**.

5.      The Shareholder Derivative Complaint filed in the action titled *Krawczyk v. Cook, et al.*, Case No. 1-14-CV-266403 (Superior Court of the State of California, County of Santa Clara), on June 11, 2014.  A true and correct copy of the "*Krawczyk* Complaint" is attached to the Lee Declaration as **Exhibit E**.

6.      The Shareholder Derivative Complaint filed in the action titled *Barto v. Cook, et al.*, Case No. 1-14-CV-267237 (Superior Court of the State of California, County of Santa Clara), on June 27, 2014.  A true and correct copy of the "*Barto* Complaint" is attached to the Lee Declaration as **Exhibit F**.

7.      The Stipulation to Consolidate Related Actions and Appoint Lead Counsel, and Related Matters; and Order Thereon, filed in the action titled *In re Apple Inc. Derivative Litigation*, Lead Case No. 1-14-CV-262174 (Superior Court of the State of California, County of Santa Clara), entered on August 14, 2014.  A true and correct copy of the "Consolidation Order" is attached to the Lee Declaration as **Exhibit G**.

8.      The Restated Articles of Incorporation of Apple Inc., filed with the California Secretary of State on June 6, 2014 and as amended and restated to date.  A true and correct copy of the "Restated Articles" is attached to the Lee Declaration as **Exhibit H**.

9.      Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on January 9, 2012.  A true and correct copy of the "2012 Proxy Statement" is attached to the Lee Declaration as **Exhibit I**.

10.      Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange Commission on January 7, 2013.  A true and correct copy of the "2013 Proxy Statement" is attached to the Lee Declaration as **Exhibit J**.

11.      Apple's Definitive Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 on Schedule 14A, filed with the United States Securities and Exchange

REQUEST FOR JUDICIAL NOTICE
5:14-CV-03634-EJD

1    Commission on January 10, 2014.  A true and correct copy of the "2014 Proxy Statement" is

2    attached to the Lee Declaration as **Exhibit K**.

3          12.    An article by Miguel Helft titled "Tech Firms Said to Be in Talks to Settle Inquiry

4    Over Recruiting," published by The New York Times on September 17, 2010,

5    http://www.nytimes.com/2010/09/18/technology/18google.html.  A true and correct copy of the

6    "Helft New York Times Article" is attached to the Lee Declaration as **Exhibit L**.

7          13.    An article by Steve Lohr titled "Six Technology Firms Agree to More Hiring

8    Competition," published by The New York Times on September 24, 2010,

9    http://www.nytimes.com/2010/09/25/technology/25hiring.html.  A true and correct copy of the

10   "Lohr New York Times Article" is attached to the Lee Declaration as **Exhibit M**.

11         14.    An article by Brent Kendall titled "Six Tech Firms Settle Federal Hiring Probe,"

12   published by The Wall Street Journal on September 24, 2010,

13   http://online.wsj.com/news/articles/SB10001424052748703499604575512291550098672#printM

14   ode.  A true and correct copy of the "Wall Street Journal Article" is attached to the Lee

15   Declaration as **Exhibit N**.

16         15.    An article by Ben Rooney titled "6 tech giants settle DOJ hiring lawsuit,"

17   published by CNNMoney.com on September 24, 2010,

18   http://money.cnn.com/2010/09/24/technology/DOJ_tech_firms_settle_hiring_charges/#.  A true

19   and correct copy of the "CNN Money Article" is attached to the Lee Declaration as **Exhibit O**.

20         16.    An article by Tom Krazit titled "DOJ settles no-recruit claims against tech

21   companies," published by CNET on September 24, 2010, http://www.cnet.com/news/doj-settles-

22   no-recruit-claims-against-tech-companies/.  A true and correct copy of the "CNET Article" is

23   attached to the Lee Declaration as **Exhibit P**.

24         17.    An article by John Paczkowski titled "DOJ, Tech Companies Settle Hiring Probe,"

25   published by All Things D on September 24, 2010, http://allthingsd.com/20100924/doj-tech-

26   companies-to-settle-hiring-probe/.  A true and correct copy of the "All Things D Article" is

27   attached to the Lee Declaration as **Exhibit Q**.

28

REQUEST FOR JUDICIAL NOTICE
5:14-CV-03634-EJD

18.    An article by Sara Forden and Jeff Bliss titled "Google, Apple, Intel Said Poised for U.S. Agreement on Hiring," published by Bloomberg on September 25, 2010, http://www.bloomberg.com/news/print/2010-09-24/google-apple-intel-said-poised-for-u-s-agreement-on-hiring.html.  A true and correct copy of the "Bloomberg Article" is attached to the Lee Declaration as **Exhibit R**.

19.    A forum discussion on the Apple Insider website started on September 24, 2010, titled "US Department of Justice orders Apple to end anticompetitive deals," http://forums.appleinsider.com/t/113312/us-department-of-justice-orders-apple-to-end-anticompetitive-deals.  A true and correct copy of the "Apple Insider Discussion" is attached to the Lee Declaration as **Exhibit S**.

20.    A forum discussion on the Mac Rumors website started on September 24, 2010, titled "U.S. Department of Justice Orders Apple and Others to Stop Engaging in Anti-Poaching Agreements," http://forums.macrumors.com/showthread.php?t=1020222.  A true and correct copy of the "MacRumors Discussion" is attached to the Lee Declaration as **Exhibit T**.

21.    An article by Bryan Chaffin titled "DoJ: Apple, Google, Adobe Must End Anti-Poaching Agreements," published by the Mac Observer on September 24, 2010, http://www.macobserver.com/tmo/article/doj_apple_google_adobe_must_end_anti-poaching_agreements.  A true and correct copy of the "Mac Observer Article" is attached to the Lee Declaration as **Exhibit U**.

## II.    ARGUMENT

Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Each of the submitted exhibits meets this standard and therefore is the proper subject of judicial notice.

The DOJ Complaint, DOJ Judgment, *TPRSSL* Complaint, *Krawczyk* Complaint, *Barto* Complaint, and Consolidation Stipulation, attached as Exhibits A, C, D, E , F and G to the Lee Declaration, are proper subjects of judicial notice because each is part of the record of a United

1   States federal or state court and no factual dispute exists as to the documents' accuracy.  Fed. R.

2   Evid. 201(b).  Courts are empowered to and routinely take judicial notice of "matters of public

3   record outside of the pleadings," including court files and records.  *MGIC Indem. Corp. v.*

4   *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a motion to dismiss and

5   supporting memorandum); *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (taking judicial

6   notice of a court's docket, proceedings in a California habeas case, and state bar records);

7   *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of state court

8   orders and proceedings); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d

9   1360, 1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in a state court action).

10  Defendants offer each of these court records to show the existence of the documents and the

11  existence of the claims, allegations, and statements asserted therein.  Because these six documents

12  are "capable of accurate and ready determination by resort to sources whose accuracy cannot

13  reasonably be questioned[,]" they are proper subjects for judicial notice and for consideration in

14  ruling on the motion to dismiss.

15          The DOJ Complaint and DOJ Judgment, indisputably court records and attached as

16  Exhibits A and C to the Lee Declaration, and the DOJ Press Release, 2012 Proxy Statement, 2013

17  Proxy Statement and 2014 Proxy Statement, attached as Exhibits B, I, J, and K to the Lee

18  Declaration, are also proper subjects for judicial notice for the separate reason that they were

19  incorporated by reference in the Complaint.  *See, e.g.*, Compl. ¶¶ 96, 99-113; *No. 84 Employer-*

20  *Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th

21  Cir. 2003) (considering documents "referenced in the complaint and whose authenticity has not

22  been questioned"); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) (taking

23  judicial notice of full text of SEC filings and public documents referenced in the complaint); *In re*

24  *Van Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1178 n.1 (N.D. Cal. 2004)

25  ("Documents whose contents are alleged in a complaint and whose authenticity no party

26  questions, but which are not physically attached to the pleading, may be considered in ruling on a

27  Rule 12(b)(6) motion to dismiss."); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102,

28  1109 (N.D. Cal. 2003) (taking judicial notice of press releases specified in the complaint and

- 5 -

1    press releases that were implicitly relied on in the complaint); *Plevy v. Haggerty*, 38 F. Supp. 2d

2    816, 821 (C.D. Cal. 1998) (taking judicial notice of press releases and news articles "cited, quoted

3    from, and/or referenced" in the complaint.).  Because Exhibits A, B, C, I, J and K are cited in,

4    quoted from, and referenced in the Complaint, they are judicially noticeable and should be

5    considered in ruling on the motion to dismiss.

6         In addition to being incorporated by reference in the Complaint, the DOJ Press Release,

7    attached as Exhibit B to the Lee Declaration, and the Restated Articles, attached as Exhibit H to

8    the Lee Declaration and submitted for the exculpatory provision contained therein, are judicially

9    noticeable as an agency record or report.  The DOJ Press Release is a public report of the

10   Department of Justice, an administrative body.  The Restated Articles are on file in the official

11   records of the California Secretary of State, and once filed become a public record.  Courts often

12   take notice of public records and reports of administrative bodies.  *See Interstate Natural Gas Co.

13   v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *United States v. 14.02 Acres of Land More

14   or Less in Fesno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Lee v. City of Los Angeles*, 250 F.3d

15   668, 688-89 (9th Cir. 2001); *In re CNET Networks, Inc.,* 483 F. Supp. 2d at 954 (A company's

16   "public filings are the proper subjects of judicial notice."); *L'Garde, Inc. v. Raytheon Space &

17   Airborne Sys.*, 805 F. Supp. 2d 932, 937-938 (C.D. Cal. 2011) (taking judicial notice of results of

18   records searches from the California Secretary of State website).  Moreover, courts routinely

19   consider and take judicial notice of exculpatory provisions of precisely the kind offered here in

20   the Restated Articles.  *See, e.g.*, *In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079,

21   1095 n.9 (N.D. Cal. 2003) (stating that it is proper for a court to take judicial notice of an

22   exculpatory clause in articles of incorporation).  This Court thus may and should take judicial

23   notice of the DOJ Press Release and Apple's exculpatory provision in its Restated Articles.

24        The Helft New York Times Article, Lohr New York Times Article, Wall Street Journal

25   Article, CNN Money Article, CNET Article, All Things D Article, Bloomberg Article, Apple

26   Insider Discussion, MacRumors Discussion and Mac Observer Article, attached as Exhibits L

27   through U to the Lee Declaration, are submitted not for the truth of the assertions contained

28   therein but for the fact that they were published on the dates shown and discuss the DOJ

1   Complaint and DOJ Press Release.  The Court may take judicial notice of these news articles and

2   public discussions for those purposes, because the facts that the articles and blogs were published

3   and the names of documents mentioned within them are capable of accurate and ready

4   determination by resort to sources whose accuracy cannot reasonably be questioned.  *See Makaeff*

5   *v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (taking judicial notice of newspaper

6   and magazine articles); *Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971, 981 n.18 (9th Cir.

7   1999) (taking judicial notice "that the market was aware of information contained in news articles

8   submitted by the defendants"); *In re Guess?, Inc. Secs. Litig*., 174 F. Supp. 2d 1067, 1068 n.1  &

9   1071 (C.D. Cal. 2001) (taking judicial notice of newspaper articles on a motion to dismiss);

10  *Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (taking judicial notice of a New

11  York Times article).  Because the existence of these articles and their publication dates can be

12  readily determined, they are proper subjects for judicial notice and for consideration in ruling on

13  the motion to dismiss.

14  **III.   CONCLUSION**

15       Based on the foregoing, Defendants respectfully request that the Court take judicial notice

16  of Exhibits A through U attached to the Lee Declaration.

17

18  Dated: January 9, 2015                         GEORGE A. RILEY (S.B. No. 118304)
                                                    MICHAEL F. TUBACH (S.B. No. 145955)
19                                                  O'MELVENY & MYERS LLP

20

21                                                  By:  /s/ George A. Riley
                                                        George A. Riley
22                                                  Attorneys for Nominal Defendant APPLE
                                                    INC. and Defendants TIMOTHY D. COOK,
23                                                  WILLIAM V. CAMPBELL, MILLARD
                                                    DREXLER, ARTHUR D. LEVINSON,
24                                                  ROBERT A. IGER, ANDREA JUNG, FRED
                                                    D. ANDERSON and ESTATE OF STEVEN P.
25                                                  JOBS

26

27

28

REQUEST FOR JUDICIAL NOTICE
                                                    5:14-CV-03634-EJD