1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    R. ANDRE KLEIN, on behalf of himself and          Case No.  5:14-cv-03634-EJD
     all other stockholders of APPLE INC.,

9                    Plaintiff,                         **ORDER GRANTING DEFENDANTS'**
                                                        **MOTION TO STAY; DENYING**
10              v.                                      **WITHOUT PREJUDICE**
                                                        **DEFENDANTS' MOTION TO DISMISS**
11   TIMOTHY D. COOK, WILLIAM V.
     CAMPBELL, MILLARD ("MICKEY")                       Re: Dkt. Nos. 35, 50
12   DREXLER, ARTHUR D. LEVINSON,
     ROBERT A. IGER, ANDREA JUNG,
13   FRED D. ANDERSON, ESTATE OF
     STEVEN P. JOBS, deceased,
14
                    Defendants,
15
                    -and-
16
     APPLE INC., a California corporation,
17
                    Nominal Defendant.
18

19

20          Plaintiff R. Andre Klein ("Plaintiff") commenced the instant shareholder derivative action

21   against Defendants Timothy D. Cook ("Cook"), William V. Campbell ("Campbell"), Millard

22   Drexler ("Drexler"), Arthur D. Levinson ("Levinson"), Robert A. Iger ("Iger"), Andrea Jung

23   ("Jung"), Fred D. Anderson ("Anderson"), and the Estate of Steven P. Jobs ("Jobs") (collectively,

24   "Defendants") and Nominal Defendant Apple, Inc. ("Apple") claiming that Defendants caused

25   Apple to enter into hiring agreements that violated antitrust laws.  Presently before the court are

26   Defendants' motion to stay and motion to dismiss.  See Dkt. Nos. 35, 50.  The court held a hearing

27   only on Defendants' motion to stay.

                                                    1
28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   Federal jurisdiction arises under 28 U.S.C. § 1331.  Having carefully considered the

2   pleadings in conjunction with the argument presented at the hearing, the court finds the

3   circumstances presented by this case warrant a stay in favor of related state court proceedings.

4   Accordingly, Defendants' motion to stay will be granted and the motion to dismiss will be denied

5   without prejudice for the reasons explained below.

6   **I.       FACTUAL AND PROCEDURAL BACKGROUND**

7   This is a shareholder derivative action brought on Apple's behalf to recover damages and

8   seek injunctive relief against Defendants.  Dkt. No. 1, Compl. at ¶ 1.  Plaintiff alleges that

9   Defendants caused Apple to enter into agreements with other companies where they agreed not to

10  recruit each other's employees.  Id. at ¶ 2.  These agreements were allegedly anticompetitive and

11  in violation of antitrust laws.  Id. at ¶¶ 4, 13.  Plaintiff further alleges that despite an investigation

12  by the United States Department of Justice into these hiring practices, Apple did not disclose to its

13  shareholders the details of the investigation nor the subsequent settlement with the Department of

14  Justice.  Id. at ¶ 7.

15  Plaintiff commenced the instant action on August 11, 2014, asserting five claims: (1)

16  violation of Section 14(a) of the Securities Exchange Act of 1934; (2) breach of fiduciary duty and

17  aiding and abetting breach of fiduciary duty; (3) gross mismanagement; (4) waste of corporate

18  assets; and (5) breach of duty of honest services.  See Dkt. No. 1.  Prior to this action, however,

19  three related shareholder derivative actions were filed in Santa Clara County Superior Court.

20  These state actions have been consolidated and are now before Judge Peter H. Kirwan as In re

21  Apple, Inc. Derivative Litigation, Lead Case No. 1-14-CV-262174 ("State Consolidated Action").

22  See Dkt. No. 50, Declaration of Vivi Lee ("Lee Decl."), Exh. R, Consolidated State Action

23  Complaint ("State Compl.").

24  In January 2015, Defendants filed the instant motion to dismiss, and in March 2015, they

25  filed the instant motion to stay.  See Dkt. Nos. 35, 50.  These matters have been fully briefed.

26  After reviewing the parties' papers, the court found that oral argument only on the motion to stay

27

28  Case No.: 5:14-cv-03634-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION TO DISMISS

2

1   was necessary.  <u>See</u> Dkt. No. 57.  The hearing was held on May 14, 2015.

2   **II.   LEGAL STANDARD**

3         The district court's "power to stay proceedings is incidental to the power inherent in every

4   court to control the disposition of the causes on its docket with economy of time and effort for

5   itself, for counsel, and for litigants."  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  Using this

6   power, one case may be stayed in favor of another.  <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593

7   F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own

8   docket and the fairest course for the parties to enter a stay of an action before it, pending

9   resolution of independent proceedings which bear upon the case.  This rule applies whether the

10  separate proceedings are judicial, administrative, or arbitral in character, and does not require that

11  the issues in such proceedings are necessarily controlling of the action before the court.").

12        In order to determine whether a <u>Landis</u> stay should be implemented, various interests must

13  be considered: (1) "the possible damage which may result from the granting of a stay," (2) "the

14  hardship or inequity which a party may suffer in being required to go forward," and (3) "the

15  orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

16  questions of law which could be expected to result from a stay."  <u>CMAX, Inc. v. Hall</u>, 300 F.2d

17  265, 268 (9th Cir. 1962) (citing <u>Landis</u>, 299 U.S. at 254-55).  Whether to grant a stay request is a

18  matter entrusted to the discretion of the district court.  <u>See</u> <u>Landis</u>, 299 U.S. at 254 ("How this can

19  best be done calls for the exercise of judgment, which must weigh competing interests and

20  maintain an even balance.").

21        When weighing the relevant interests, the court must be mindful that "if there is even a fair

22  possibility that the stay for which he prays will work damage to some one else," the moving party

23  "must make out a clear case of hardship or inequity in being required to go forward."  <u>Id.</u> at 255.

24  Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while

25  a litigant in another settles the rule of law that will define the rights of both."  <u>Id</u>.  Moreover, the

26  moving party must cite to something more than the intrinsic inconvenience arising from

27

28  Case No.: <u>5:14-cv-03634-EJD</u>
    ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
    PREJUDICE DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    involvement in litigation.  "[B]eing required to defend a suit, without more, does not constitute a

2    'clear case of hardship or inequity' within the meaning of <u>Landis</u>."  <u>Lockyer v. Mirant Corp.</u>, 398

3    F.3d 1098, 1112 (9th Cir. 2005).

4    **III.    DISCUSSION**

5            Plaintiff contends in opposition to Defendants' motion to stay that the proper standard to

6    apply is not <u>Landis</u>, but that set forth in <u>Colorado River v. United States</u>, 424 U.S. 800 (1976).

7    Opp. at 4.  Plaintiff argues that under the <u>Colorado River</u> doctrine, district courts have no

8    discretion to stay a claim that is subject to exclusive federal jurisdiction, such as the Section 14(a)

9    claim at issue in this action.  <u>Id.</u> at 5.

10           As a general rule, "an action in the state court is no bar to proceedings concerning the same

11   matter in the Federal court having jurisdiction."  <u>Colorado River</u>, 424 U.S. at 817 (internal

12   quotations omitted).  This rule "stems from the virtually unflagging obligation of the federal courts

13   to exercise the jurisdiction given them."  <u>Id.</u>  <u>Colorado River</u> does, however, permit a federal court

14   to stay an action in favor of a related state court proceeding in exceptional circumstances.  <u>Id.</u> at

15   813; <u>see also</u> <u>Scotts Co. LLC v. Seeds, Inc.</u>, 688 F.3d 1154, 1158 (9th Cir. 2012).  These

16   circumstances include situations like this one, where a concurrent state action is pending in which

17   identical issues are raised.  <u>See</u> <u>Holder v. Holder</u>, 305 F.3d 854, 867 (9th Cir. 2002) ("Under

18   <u>Colorado River</u>, considerations of wise judicial administration, giving regard to conservation of

19   judicial resources and comprehensive disposition of litigation, may justify a decision by the

20   district court to stay federal proceedings pending the resolution of concurrent state court

21   proceedings involving the same matter[.]") (internal quotations omitted).

22           In any event, the <u>Colorado River</u> abstention is not the doctrine best suited to this case.  In

23   <u>Colorado River</u>, the Supreme Court addressed the issue of concurrent jurisdiction where both the

24   state court and the federal court had jurisdiction over controversies involving a federal right.  <u>See</u>

25   <u>Colorado River</u>, 424 U.S. at 808-09.  Here, there is no dispute that this court has exclusive

26   jurisdiction over Plaintiff's Section 14(a) claim, and there is no suggestion that the state court will

27

28   Case No.: <u>5:14-cv-03634-EJD</u>
     ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
     PREJUDICE DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

adjudicate the Section 14(a) claim.  Thus, the issue that there is concurrent jurisdiction over the federal claim is nonexistent.  At oral argument, this court made clear that it does not intend to relinquish jurisdiction over Plaintiff's federal claim, and will adjudicate that claim when appropriate.

Therefore, pursuant to this court's inherent power to control its docket, the <u>Landis</u> standard is appropriate for the instant motion to stay.  Each relevant consideration is discussed below.

### A.    Whether a Stay is Efficient or Will Simplify Issues

The court begins by examining whether entering a stay of this action in favor of the State Consolidated Action will result in any considerable efficiency or simplification of issues.

In their motion, Defendants contend this action and the State Consolidated Action are similar because Plaintiff seeks to recover the same damages from the same alleged misconduct, the complaint in both actions are copied nearly verbatim, every defendant in this action has been or could be named in the State Consolidated Action, and all but the federal claim asserted in this action has been or could be asserted in the State Consolidated Action.  Mot. at 4.  The court agrees these similarities exist.  In reviewing Plaintiff's complaint, significant portions are nearly identical to the state action complaint, the overwhelming majority of the allegations regarding the Apple board of directors' misconduct are the same as in the state action, most of the defendants in this action are defendants in the state action, and most of the claims in this action are asserted in the state action.

Furthermore, since both this action and the State Consolidated Action are shareholder derivative actions on behalf of Apple, demand futility is a threshold issue that must be addressed by both this court and the state court.  A shareholder derivative action "permits an individual shareholder to bring suit to enforce a corporate cause of action against officers, directors, and third parties."  <u>Rosenbloom v. Pyott</u>, 765 F.3d 1137, 1147 (9th Cir. 2014).  "A shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors or plead with particularity the reasons why such demand would have been

5

1    futile." Id. at 1148 (quoting In re Silicon Graphics, 183 F.3d 970, 989 (9th Cir. 1999)).

2    "Although [Federal Rule of Civil Procedure] 23.1 supplies the pleading standard for assessing

3    allegations of demand futility, the substantive law which determines whether demand is, in fact,

4    futile is provided by the state of incorporation of the entity on whose behalf the plaintiff is seeking

5    relief." Id.  Here, Apple's state of incorporation is California.  In California, the demand

6    requirement under Corporations Code § 800(b)(2) "is similar to the federal rule and requires that

7    the plaintiff in a shareholder derivative suit allege in the complaint with particularity plaintiff's

8    efforts to secure from the board such action as plaintiff desires, or the reasons for not making such

9    effort, and allege further that plaintiff has either informed the corporation or the board in writing

10   of the ultimate facts of each cause of action against each defendant or delivered to the corporation

11   or the board a true copy of the complaint which plaintiff proposes to file." Bader v. Anderson,

12   179 Cal. App. 4th 775, 790 (2009).

13        Plaintiff argues that his allegations in this action are different than the demand futility

14   allegations in the state proceedings.  Opp. at 11.  This is not so.  The allegations that a demand

15   was not made to the Apple board of directors and that demand would be futile are identical in both

16   this action and the state action.  Compare Compl. at ¶ 145 with State Compl. at ¶ 135.  Moreover,

17   the demand futility allegations against Levinson, Cook, Drexler, and Iger are nearly identical in

18   both actions.  Compare Compl. at ¶¶ 149-50 with State Compl. at ¶¶ 145-46 (Levinson); compare

19   Compl. at ¶ 151 with State Compl. at ¶ 147 (Cook); compare Compl. at ¶¶ 152-53 with State

20   Compl. at ¶¶ 143-44 (Drexler); compare Compl. at ¶ 154 with State Compl. at ¶¶ 149-50 (Iger).

21   While each action contains demand futility allegations against a fifth member of the board, this

22   does not affect the analysis because in an eight-member board of directors, it is sufficient to allege

23   demand futility against half of the board.

24        The demand futility issue has already been examined in the State Consolidated Action and

25   Judge Kirwan found that the plaintiffs had not sufficiently pled demand futility.  See Lee Decl.,

26   Exh. S, Judge Kirwan's Order.  Plaintiffs in the state action were given leave to amend.  See id.

27

28
Case No.: 5:14-cv-03634-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Given that the state court has already begun to evaluate this threshold issue which relies on state

2    law, it would be most efficient for the court and the litigants to have the state court resolve the

3    demand futility issue before proceeding with the instant action.

4        While the court recognizes that the instant action is distinguishable from the state action in

5    that a federal claim is involved and demand futility is alleged against a different fifth member of

6    the board, the similarities in the essence and purpose of both actions outweigh these negligible

7    distinctions.  Accordingly, a temporary stay of this action would simplify the issues and promote

8    the "orderly course of justice."

9        **B.    The Possibility of Damage, Hardship or Inequity**

10       The court now considers the possible damage to Plaintiff in granting a stay, and the

11   potential hardship or inequity imposed on Defendants in the absence of a stay.

12       As to Plaintiff, he argues that a stay would delay or prevent the prosecution of his Section

13   14(a) claim.  Opp. at 11.  This argument is unpersuasive because while a stay would temporarily

14   delay his prosecution of his federal claim, it would not preclude it altogether since this court

15   would retain jurisdiction over it.  At oral argument, Plaintiff further argued that if a settlement

16   were to occur in the state action, he would be deprived of a remedy on his Section 14(a) claim

17   because the settlement would likely release Defendants of all liability.  This argument is also

18   unpersuasive because Plaintiff would face the same conundrum even in the absence of a stay, and

19   due to the nature of a shareholder derivative action, a settlement reached in the state action would

20   necessarily also benefit Plaintiff and resolve the interests of Apple—the interests of which

21   Plaintiff purportedly represents.  Lastly, at oral argument, Plaintiff argued that a stay would be

22   prejudicial because this action provides an opportunity to have his own demand futility allegations

23   tested.  This argument fails because, as stated above, Plaintiff's demand futility allegations as to

24   four directors are nearly identical as those alleged in state court.

25       As to Defendants, they argue that litigating both actions would be costly and could result

26   in conflicting rulings.  Mot. at 5-6.  Defendants' burden of simultaneous litigation is not a

27

28   Case No.: 5:14-cv-03634-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
     PREJUDICE DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1   significant consideration in this analysis.  See Lockyer, 398 F.3d at 1112.  However, there is merit

2   in Defendants' argument regarding conflicting rulings given the overlapping issue of demand

3   futility in both the federal and state actions.

4        **C.    Balancing and Conclusion**

5       On balance, the potential prejudice to Defendants that could result from conflicting rulings

6   outweighs any slight amount of potential prejudice Plaintiff may suffer from a temporary stay.

7   This determination, coupled with the simplification of issues that may result from the state court's

8   resolution of the demand futility issue, leads the court to conclude that abatement in favor of the

9   parallel state proceedings is justified.  Therefore, Defendants' motion to stay this action will be

10  granted.

11      As to the duration of the stay, "a stay should not be granted unless it appears likely the

12  other proceedings will be concluded within a reasonable time."  Dependable Highway Express,

13  Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Leyva, 593 F.2d at 864).

14  Recognizing that there is a general policy favoring stays of short, or at least reasonable duration,

15  stays should not be indefinite.  Id. at 1066-67.  In the State Consolidated Action, the parties have

16  completed one demurrer and plaintiffs are expected to soon file their amended complaint.  Since

17  the demand futility issue is a threshold issue that must be resolved before the action can continue,

18  it is reasonable to stay this action until Judge Kirwan decides whether or not plaintiffs have

19  sufficiently pled demand futility.  Until such time, reporting requirements will be imposed so that

20  the state litigation can be monitored by this court and the continuing propriety of this stay can be

21  evaluated on an ongoing basis.

22  **IV.   ORDER**

23      Based on the foregoing, Defendants' Motion to Stay (Dkt. No. 50) is GRANTED.  This

24  action is STAYED in its entirety until the Santa Clara County Superior Court determines whether

25  or not plaintiffs in the State Consolidated Action In re Apple, Inc. Derivative Litigation, Case

26  Number 1-14-CV-262174, can sufficiently plead demand futility, or until further order of this

27

28
Case No.: 5:14-cv-03634-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION TO DISMISS

1   court.  The clerk shall ADMINISTRATIVELY CLOSE this file.

2        Plaintiff and Defendants shall submit a brief Joint Status Report apprising the court of the

3   status of the state court action on August 28, 2015, and continuing every three months thereafter.

4   Furthermore, within 10 days of either (1) a resolution of the state court action through settlement

5   or other informal means, or (2) a final ruling on the demand futility issue in state court, the parties

6   shall file a Joint Notice informing the court of such development and shall request that this matter

7   be reopened and that a Case Management Conference be scheduled.

8        Defendants' Motion to Dismiss (Dkt. No. 35) is DENIED WITHOUT PREJUDICE to

9   being re-filed and re-noticed when appropriate.

10

11        **IT IS SO ORDERED.**

12  Dated: May 22, 2015

13  

14  EDWARD J. DAVILA
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27
                                         9
28  Case No.: 5:14-cv-03634-EJD
    ORDER GRANTING DEFENDANTS' MOTION TO STAY; DENYING WITHOUT
    PREJUDICE DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California